IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

EDDY L. WOOD                                                                                                                        PLAINTIFF

vs.                                               Civil No. 2:16-cv-02172

NANCY A. BERRYHILL                                                           DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Eddy L. Wood ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff protectively filed his disability applications on January 3, 2012 (DIB) and on January 5, 2012 (SSI). (Tr. 9). In his applications, Plaintiff alleges being disabled due to insulin-dependent diabetes, arthritis in both knees, neuropathy in hands and feet, and congestive heart failure. (Tr. 535). Plaintiff alleges an onset date of December 30, 2011. (Tr. 9). These applications were denied

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr."

initially and again upon reconsideration. (Tr. 65-69).

Thereafter, Plaintiff requested an administrative hearing on his denied applications. (Tr. 80-81). The ALJ granted that request and held an administrative hearing on February 14, 2013 in Fort Smith, Arkansas. (Tr. 30-64). At this hearing, Plaintiff was present and was represented by Iva Nell Gibbons. *Id.* Plaintiff and a Vocational Expert ("VE") testified at this hearing. *Id.* At this hearing, Plaintiff testified he was forty-four (44) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) (DIB) and 20 C.F.R. § 416.963(e) (SSI). (Tr. 36). As for his level of education, Plaintiff testified he had completed the twelfth grade in high school. *Id.*

After this hearing, on April 4, 2013, the ALJ entered an unfavorable decision denying Plaintiff's disability applications. (Tr. 6-17). In this decision, the ALJ determined Plaintiff met the insured status requirements under Title II of the Act as of December 30, 2011 (his alleged onset date) and continued to meet them through April 4, 2013 (date of the ALJ's decision). (Tr. 11, Findings 1-2). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since December 30, 2011, his alleged onset date. (Tr. 11, Finding 3). The ALJ determined Plaintiff had the following severe impairments: essential hypertension, diabetes mellitus with peripheral neuropathy, congestive heart failure, degenerative joint disease, and obesity. (Tr. 11, Finding 4). Despite being severe, the ALJ determined these impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 11-12, Finding 5).

The ALJ considered Plaintiff's Residual Functional Capacity ("RFC"). (Tr. 12-15, Finding 6). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the

following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a).

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable to perform his PRW. (Tr. 15, Finding 7). The ALJ also considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 16, Finding 12). The VE testified at the administrative hearing regarding this issue. *Id.*

Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform occupations such as the following (sedentary, unskilled): (1) assembler (bench hand watch and clock) with 27,802 such jobs nationwide and 510 such jobs statewide; and (2) machine tender (eye glass frame polisher) with 19,806 such jobs nationwide and 252 such jobs statewide. (Tr. 16). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from December 30, 2011 through the date of his decision or through April 4, 2013. (Tr. 16, Finding 13).

Thereafter, Plaintiff requested a review by the Appeals Council. (Tr. 27). On May 13, 2014, the Appeals Council denied this request. (Tr. 1-3). Plaintiff subsequently appealed that unfavorable decision, and his case was reversed and remanded. (Tr. 410-421). Thereafter, the ALJ held a second administrative hearing. (Tr. 360-388). After that hearing, the ALJ again entered an unfavorable decision. (Tr. 333-351). Plaintiff filed this second and current appeal on July 18, 2016. ECF No. 1. The Parties consented to the jurisdiction of this Court on July 19, 2016. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 10, 12. This case is now ripe for determination.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.** <u>**Discussion:**</u>

In his appeal brief, Plaintiff raises three arguments for reversal: (A) the ALJ erred by failing to properly develop the record; (B) the ALJ erred by failing to consider evidence "which fairly detracted from his findings"; and (C) the ALJ failed to "apply proper legal standards." ECF No. 10 at 1-20. The Court will consider each of these arguments.

    **A.**     **ALJ's Record Development**

Plaintiff claims the ALJ erred by failing to properly develop the evidence in the record. ECF No. 10 at 11-12. As an initial matter, the ALJ only has the obligation "to develop a reasonably complete record." *Clark v. Shalala,* 28 F.3d 828, 830-31 (8th Cir. 1994). Here, the transcript in this case is over 1,000 pages long. This transcript includes over 400 pages of Plaintiff's medical records,

including his treatment records. (Tr. 591-1025). Based upon this information, the Court finds this is a "reasonably complete record."

Further, a social security case should only be remanded for failure to develop the record where there has been a showing of prejudice or unfair treatment. *See Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993) (holding "absent unfairness or prejudice, we will not remand"). Here, Plaintiff has made no specific showing of prejudice or unfair treatment. ECF No. 10 at 11-12. Thus, the Court finds Plaintiff has not made the showing required for a remand in this action to further develop the record.

**B.     ALJ's Consideration of Evidence**

Plaintiff claims the ALJ "failed to consider limitations that would have prevented . . . [him] . . . from maintaining competitive employment on a sustained or ongoing basis." ECF No. 10 at 12-14. Plaintiff specifically references "side effects to medication," fatigue, "need to alternate sitting and standing," "need for frequent urination," obesity, postural limitations, and deafness in his right ear. *Id.* Plaintiff argues the "ALJ had an obligation to consider all the evidence and not just that which supported his position." *Id.* Plaintiff argues that because the ALJ did not consider the evidence that detracted from his findings, this case must be reversed and remanded. *Id.*

Upon review of this argument and Plaintiff's briefing, the Court finds no basis for reversal on this issue. Indeed, the mere fact Plaintiff suffers from a number of impairments does not demonstrate he is disabled. While the ALJ is required to consider evidence that detracts from his findings, the ALJ need only support his findings by substantial evidence. In this case, based upon the Court's review of the record in this case, there is substantial evidence to support the ALJ's RFC determination.

Notably, Plaintiff has supplied no evidence establishing the ALJ's RFC determination is not supported by substantial evidence in the record. Plaintiff has the burden of demonstrating his impairments are as severe as he has alleged. *See Cox,* 160 F.3d at 1206. Here, Plaintiff has not met that burden.

### C. ALJ's Application of the Law

Plaintiff argues the ALJ improperly applied the law in considering his subjective complaints, the opinions of his treating physician, his RFC, and other work he could perform. ECF No. 10 at 1-20. Upon review of Plaintiff's arguments and the ALJ's opinion in this matter, the Court finds no basis for reversal on this issue. As recognized above, the mere fact Plaintiff suffers from a number of different impairments does not establish he is disabled. Here, Plaintiff simply has not met his burden of demonstrating he is as impaired as he alleges.

As a final point, Plaintiff also disputes the ALJ's findings at Step Five of the Analysis. The ALJ does have the burden at Step Five. However, upon review of his argument on this matter, Plaintiff's argument is based upon the ALJ's RFC evaluation. Again, as recognized above, the Court finds no basis for reversal as to the ALJ's RFC evaluation.

### 4. **Conclusion**:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 12th day of July 2017.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE